No. 14-16886

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DILLON L. BRACKEN,
Plaintiff-Counterclaim Defendant/Appellant,

vs.

AARON H. OKURA and KINCHUNG CHUNG,

Defendants-Appellees,

and

KYO-YA RESORTS AND HOTELS, L.P.,
Defendant-Counterclaimant/Appellee.

APPEAL
From the United States District Court of the District of Hawaii
Civil No. 11-00784 LEK-BMK

APPELLANT'S MOTION FOR IMMEDIATE TRANSMITTAL OF EXHIBIT A

Charles S. Lotsof #1032
1188 Bishop Street - Suite 2711
Honolulu, Hawaii 96813
clotsof@gmail.com
808 521-3333
Attorney for Plaintiff/Appellant

APPELLANT'S MOTION FOR IMMEDIATE TRANSMITTAL OF EXHIBIT A

Plaintiff/Appellant moves this Honorable Court to request of the District Court that the video-recording of the incident that is the subject of this case, and its aftermath, be transmitted to the Circuit Court forthwith. Alternatively, Plaintiff-Appellant asks leave to transmit a copy to this Court in such form as this Court shall specify.

What is at issue in this case is whether a Honolulu Police officer, wearing his police uniform but being paid by a nightclub, is liable for failing to intercede when, while he was detaining an individual despite that individual's pleas to be allowed to leave, security guards employed by the nightclub, working side-by-side with the policeman, attacked the individual, abducted him and carried him by the handcuffs through an underground passageway to their office, assaulting him repeatedly on the way, all in the presence of the police officer. The video-recording presents a "live" record of the encounter. It was made initially as a "selfie," with Appellant holding the camera in his right hand with his right arm extended. When he was attacked the camera was dropped, but it was still running and continued to record what was happening.

By having the video-recording at its disposal, not only will this Court

have conclusive evidence before it, but the useless disputes that beleaguered the District Court proceedings, over whether Officer Chung blocked Mr. Bracken from leaving the nightclub and the extent to which Officer Chung was present during the abduction and series of attacks, can be avoided.

The District Court unfortunately failed to watch the whole video-recording as appears from the following passage from the District Court's decision:

> Further, Plaintiff's video recording cannot resolve the factual disputes, as it does not capture the beginning of the encounter between the parties, and it goes black after a little less than two minutes of footage; the rest of the thirty-seven minute video is simply an audio recording.

955 F. Supp. 2d 1138, 1156 (2013). The video in the recording does go black during the time it was in a security guard's pocket while the guards were manhandling Plaintiff in the underground passageway, but the video goes back on at the 13:06 mark, when they reach the security guards' office, at which time Officer Chung is quite extensively seen, wearing a police uniform with the name "Chung" on it, while speaking, so that his voice can be identified and matched with the voice heard when only the audio portion is on, proving positively that Officer Chung was present at all times when Plaintiff was being abducted and battered. It is not disputed that, present or not, Officer Chung did not attempt to intercede.

In granting Officer Chung summary judgment, inferentially the District

Court accepted his argument that there was no competent evidence of Officer Chung's being present.  Chung had argued:

> Plaintiff also misstates facts in order to exaggerate Defendant Chung's participation in the event.  For example, Plaintiff claims Chung informed Plaintiff that he was "being taken to the security office." [Reference omitted.] Plaintiff has no evidence that it was Chung who made that statement; Chung did not admit making such a statement, and no witness attributed such assertion to Chung.  Similarly with Plaintiff's claim that Defendant Chung taunted him by saying "[y]ou the one." [Reference omitted.] Defendant Chung denies ever making such a statement, and there is no competent evidence that Chung made that assertion.

Document 161, pages 7-8.  This contrasts with the video-recording, at the 6:56 mark (6 minutes and 56 seconds into the video-recording), where the following dialogue occurs, "DLB" indicating Plaintiff and "KC" indicating that the voice speaking can be recognized as the same as Officer Chung's voice when he is seen and heard together in the later portion of the video the District Court stated was "blank":

> DLB: ... *Where are you guys taking me?*
> KC: *Downstairs to the security office.*
> DLB: *Ow.*
> KC: *Stay still.*
> DLB: *Seriously, stop hurting me.*
> KC: *Relax. You the one. We just told you to relax.*

The video-recording was filed as Exhibit A to Document 110,

-3-

"Stipulation Admitting Videorecording into Evidence." It was presented to the District Court on a single DVD, consuming 1.88 GB, but Appellant can provide it in another format upon direction of this Court. While the recording lasts a little over 37 minutes, only the part from the beginning through 22:45 is essential for resolution of this appeal.

This motion is based on the record of this case and Circuit Rules 11-4.2, 27-14 and 30-1.4(x) and -(xi).

Counsel for Defendant-Appellee Chung has informed the undersigned that transmitting Exhibit A to this Court, sought in this motion, is not opposed.

Dated: Honolulu, Hawaii, March 23, 2015.

/s/ Charles S. Lotsof
Charles S. Lotsof
Attorney for Plaintiff-Appellant